IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| QUADRAY HOBBS, | : |
| Plaintiff, | : |
| V. | : |
| | : NO. 5:22-cv-00434-TES-CHW |
| CO II WILLIAMS, *et al.*, | : |
| Defendants. | : |

**ORDER**

Pending before the Court are several miscellaneous motions filed by Plaintiff, who is proceeding *pro se*. For the reasons explained below, Plaintiff's motions are without merit.

*Motion to Produce Documents*

Plaintiff filed a document entitled "Requesting Production of Documents," wherein he asks the Court to produce all documents in the case. (Doc. 11). Plaintiff explains that he needs the documents to prepare for the case and because he is a *pro se* litigant. (*Id.*) The docket shows that he has been mailed copies of the Court's orders. Plaintiff does not specify which documents he is requesting. Plaintiff was allowed to proceed *in forma pauperis* in this matter (Doc. 7), but this status does not entitle Plaintiff to free additional copies of court records, especially through a blanket request for the entire case file. Therefore, Plaintiff's request for production of documents (Doc. 11) is **DENIED**. The Clerk of Court is **DIRECTED** to mail Plaintiff a copy of the docket sheet at which point Plaintiff may inquire with the Clerk of Court regarding the costs of copies of any requested documents.

*Motion for Appointment of Counsel*

In two motions, Plaintiff requests the appointment of counsel. (Docs. 14, 15). No right to

counsel exists in a civil case. *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). Rather, the appointment of counsel is a privilege justified only by exceptional circumstances. *Id.* In deciding whether legal counsel should be appointed, the Court considers, among other factors, the merits of Plaintiff's claims and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that a recommendation to dismiss this case is pending because Plaintiff failed to follow the Court's directions not to file a "shotgun" pleading joining multiple unrelated claims. (Doc. 12). Plaintiff suggests that this case is complex and that he will be unable to prosecute the case due to his incarceration. Plaintiff's reasoning is unavailing. Plaintiff has filed several cases with the Court, one of which has survived the screening process.[1] Plaintiff's motions set forth no basis for why he is likewise unable to do so here in a case where any likely claims would also involve readily apparent legal doctrines. As such, Plaintiff's motions for appointment of counsel (Docs. 14, 15) are **DENIED**. Should it later become apparent that legal assistance is required to avoid prejudice to Plaintiff's rights, then the Court, **on its own motion**, will consider assisting Plaintiff in securing legal counsel at that time.

**SO ORDERED**, this 1st day of June, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

---

[1] *Hobbs v. Dooly State Prison*, 5:22-cv-392-TES-CHW, was dismissed at the screening level. *Hobbs v. Wheeler Corr. Facility*, 5:22-cv-353-MTT-CHW, was transferred to the Southern District of Georgia. *Hobbs v. Dooly State Prison*, 5:22-cv-283-TES-CHW, survived the screening process and remains pending.